UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P & G, LLC,<br><br>and<br><br>FURIOSO DEVELOPMENT CORPORATION<br><br>Plaintiffs,<br>v.<br><br>CAMDEN SUMMIT PARTNERSHIP<br><br>and<br><br>CAMDEN SUMMIT, INC.<br><br>Defendants. | Civil Action No. 1:07-CV-929-JR |

**ANSWER OF CAMDEN SUMMIT PARTNERSHIP AND CAMDEN SUMMIT, INC., DEFENDANTS, TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Camden Summit Partnership and Camden Summit, Inc., Defendants, by their attorneys, in answer to Plaintiffs' Complaint say:

1. Paragraph 1 purports to establish jurisdiction in the Superior Court of the District of Columbia and no response is required.

2. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

1

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint. Summit Properties, Inc. was the General Partner of Summit Properties Partnership, L.P., which later became Camden Summit Partnership, L.P.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that the name of the partnership was changed to Camden Summit Partnership, L.P. The name change occurred one day after the merger was finalized, in conjunction with the merger.

9. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 9 of the Complaint. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Camden-Summit entered into the Letter Agreement with P&G on March 8, 2000, which is attached to the Complaint as Exhibit A. As to the remaining allegations contained in Paragraph 10, Defendants assert that the text of the Letter Agreement speaks for itself. Paragraph 10 is otherwise denied.

11. Paragraph 11 contains legal conclusions to which no response is required. As to the allegations regarding the text of the Letter Agreement and Original Development Agreement, attached to the Complaint as Exhibit B, the documents speak for themselves. To the extent that a further response is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. As to the allegations contained in Paragraph 12, Defendants assert that the text of the Assignment, which is attached to the Complaint as Exhibit C, speaks for itself. Paragraph 12 is otherwise denied.

13. As to the allegations contained in Paragraph 13, Defendants assert that the text of the Four Agreements, attached to the Complaint as Exhibits D, E, and F, speaks for itself. Paragraph 13 is otherwise denied.

14. As to the allegations contained in Paragraph 14, Defendants assert that the text of the Development Agreement speaks for itself. Paragraph 14 is otherwise denied.

15. As to the allegations contained in Paragraph 15, Defendants assert that the text of the Contribution Agreement, attached to the Complaint as Exhibit E, speaks for itself. Paragraph 15 is otherwise denied.

16. As to the allegations contained in Paragraph 16, Defendants assert that the text of the Termination Agreement, attached to the Complaint as Exhibit F, speaks for itself. Paragraph 16 is otherwise denied.

17. Defendants admit that Summit-Camden acquired title to the Property, developed it and is currently operating it. As to the remaining allegations contained in Paragraph 17, Defendants assert that the text of the Four Agreements and Assignment speak for itself. Paragraph 17 is otherwise denied.

18. In responding to the allegations of Paragraph 18, Defendants reallege and incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 17 above, as though fully set forth herein.

19. Paragraph 19 contains legal conclusions to which no response is required. As to the allegations regarding the text of the Development Agreement, the document

3

speaks for itself. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. As to the allegations contained in Paragraph 20, Defendants assert that the text of the Development Agreement speaks for itself. Paragraph 20 is otherwise denied.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22 except to the extent that Plaintiffs allege that P&G gave notice of its triggering of the termination provision of the Development Agreement.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. In responding to the allegations contained in Paragraph 26, Defendants reallege and incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28, except to the extent that they allege that Defendants maintain that the Termination Payment due totals $250,000.

29. Defendants admit that an actual controversy exists between the parties regarding approximately $630,000. Paragraph 29 is otherwise denied.

30. In responding to the allegations of Paragraph 30, Defendants reallege and incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 29 above, as though fully set forth herein.

31. As to the allegations contained in Paragraph 31, Defendants assert that the text of the Development Agreement speaks for itself. To the extent that Paragraph 31 contains a legal conclusion, no response is required. Paragraph 31 is otherwise denied.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

## DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are precluded by the doctrine of laches.

### THIRD DEFENSE

Plaintiffs' claims are precluded by the doctrine of express and/or implied consent.

### FOURTH DEFENSE

Plaintiffs' claims are precluded by the doctrine of mitigation of damages.

### FIFTH DEFENSE

Plaintiffs' claims are precluded by the applicable statutes of limitations.

**SIXTH DEFENSE**

Plaintiffs' claims are precluded by the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiffs' claims are precluded by the doctrine of waiver.

**EIGHTH DEFENSE**

Plaintiffs' claims are precluded by the statute of frauds.

**NINTH DEFENSE**

Plaintiffs' claims are precluded by the doctrine of unclean hands

**TENTH DEFENSE**

Defendants reserve the right to assert additional defenses as discovery proceeds.

**DEMAND FOR A JURY TRIAL**

Defendants demand a jury trial on all issues so triable.

Dated:  July 13, 2007                               LATHAM & WATKINS LLP

By /s/ Allen M. Gardner
   Allen M. Gardner
   D.C. Bar No. 456723
   555 Eleventh Street, N.W.
   Suite 1000
   Washington, DC 20004-1304
   Phone: (202) 637-2200
   Fax: (202) 637-2201
   Email: Allen.gardner@lw.com

   *Attorneys for Defendants*
   Camden Summit Partnership and
   Camden Summit, Inc.

6

## CERTIFICATE OF SERVICE

I, Allen Gardner, hereby certify that on this 13th day of July, 2007, I filed the foregoing Answer to Plaintiffs' Complaint using the Court's CM/ECF system, which will automatically send notification of the filing to the following:

        David Joseph Frantz

        dfrantz@conlonfrantz.com

Dated: July 13, 2007         Respectfully submitted,

        /s/ Allen M. Gardner
        Allen M. Gardner (Bar. No. 456723)
        LATHAM & WATKINS LLP
        555 11th Street, N.W.
        Suite 1000
        Washington, D.C. 20004
        Phone: (202) 637-2200
        Fax: (202) 637-2201
        Allen.Gardner@lw.com

        *Counsel for Defendants*