UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P & G, LLC et al

    Plaintiffs

v.                                                                                                Civil Action No. 1:07-cv-00929 JR

Camden Summit Partnership, L.P. et al

    Defendants

**PARTIES' JOINT REPORT TO THE COURT PURSUANT TO
LOCAL CIVIL RULE 16.3**

Counsel for the Plaintiff and Defendant have conferred pursuant to Local Civil Rule 16.3 and Rule 26(f), Federal Rules of Civil Procedure. The parties submit the following report of their conference:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

Response: Both parties may file motions for summary judgment.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

Response: Neither party intends to join additional parties or amend pleadings. The parties are unable at this time to agree upon or narrow factual and legal issues except to the extent already presented in the Complaint and Answer.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Response: The parties do not agree to assignment to a magistrate judge for all purposes.

(4) Whether there is a realistic possibility of settling the case.

Response: The parties believe that there is a reasonable possibility of settlement.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Response: The parties believe that referral to a magistrate judge for mediation would be beneficial.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Response: Both parties may file motions for summary judgment. The parties propose that any motion for summary judgment be filed by March 1, 2008.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Response: The parties have agreed to defer exchange of initial disclosures until fifteen (15) days after mediation if the case is not resolved.

(8) The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the

completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Response: The parties anticipate routine discovery and propose that all discovery be completed by February 1, 2008. The parties propose that discovery be stayed until the conclusion of mediation.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Response: No modification of expert witness reports and information is necessary.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Response: Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Response: Bifurcation is not requested.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Response: The parties propose that the pretrial conference be scheduled for April 1, 2008.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Response: The parties request that a firm trial date be set at the first scheduling conference.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Response: There are no other matters for inclusion in the scheduling order.

July 16, 2007                                                                                  Respectfully submitted,

David J. Frantz   (Bar #202853)
CONLON, FRANTZ, PHELAN & VARMA, LLP
1818 N Street, N.W., Suite 400
Washington, DC  20036
Ph: (202)331-7050
Fax: (202) 331-9306
dfrantz@conlonfrantz.com

Counsel for Plaintiffs

Allen M. Gardner (Bar. #456723)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Ph: (202) 637-2200
Fax: (202) 637-2201
Allen.Gardner@lw.com

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| P & G, LLC et al <br><br> Plaintiffs <br><br> v. <br><br> Camden Summit Partnership, L.P. et al <br><br> Defendants | Civil Action No. 1:07-cv-00929 JR |

### [Proposed] SCHEDULING ORDER

Upon consideration of the parties' Joint Rule 16.3 Statement, it is hereby ORDERED that:

1.  The disclosures required by Rule 26(a)(1), F.R.Civ.P., will be deferred until fifteen (15) days after the parties conclude that their attempts at mediation have failed to resolve the case.

2.  Discovery is also stayed until the conclusion of mediation. Notwithstanding this stay, all discovery will be completed by February 1, 2008.

3.  Any motions for summary judgment will be filed on or before March 1, 2008. Opposition briefs will be filed on or before April 1, 2008. Reply briefs, if any, will be filed on or before April 15, 2008.

4.  The pretrial conference is scheduled for April 1, 2008.

5.  No additional parties will be joined nor any pleading amended.

6.  Trial is scheduled for _____ \_\_\_, 2008.

_____
James Robertson
United States District Judge